UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST  )<br>712 H Street, N.E.                            )<br>Suite 1682                                   )<br>Washington, D.C. 20002,            )<br>                                                  )<br>           Plaintiff,                         )<br>                                                  )<br>v.                                              )<br>                                                  )<br>U.S. DEPARTMENT OF ENERGY  )<br>1000 Independence Ave., S.W.   )<br>Washington, D.C. 20585,             )<br>                                                  )<br>           Defendant.                     )<br>_____ ) | Civil Case No. 1:22-cv-00360 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the United States Department of Energy under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant United States Department of Energy ("DOE" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On May 24, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the Department seeking the following:

   All records using keywords "Mulhern" "Granholm Mulhern Associates" "Dan Mulhern" held by any employee of the Department of Energy ranging from November 23, 2020 until the date the request is processed. This should include, but not be limited to, any communications or records between the Office of General Counsel and the Office of the Secretary during the drafting and completion of Secretary Granholm's ethics agreement as well as any meetings, meeting requests, schedules, or communications between any employee or client of Dan Mulhern and his firm and any employee of the Department of Energy.

7. The release of these documents is in the public interest because they will allow PPT to convey to the public information about whether Secretary Granholm, her husband, and his new company are acting consistently with all of the laws, rules, and regulations that govern the actions and activities of high-ranking and non-career government officials. This information has only increased in public importance since PPT filed its initial document request. During the intervening months, concerns were raised, including by

    Plaintiff, about whether Secretary Granholm inappropriately participated in an event during which grants that would likely benefit a company with whom she had a covered relationship, *see generally* PPT, *Watchdog Seeks Investigation of Possible Ethics Violations by Energy Secretary Granholm* (Nov. 12, 2021), https://www.protectpublicstrust.org/watchdog-seeks-investigation-of-possible-ethics-violations-by-energy-secretary-granholm/, and whether Secretary Granholm engaged in political activity while in her official capacity. *See generally* PPT, *PPT Files Hatch Act Complaint Against Energy Secretary Granholm* (Oct. 27, 2021), https://www.protectpublicstrust.org/ppt-files-hatch-act-complaint-against-energy-secretary-granholm/. This makes it all the more in the public interest to assess whether Secretary Granholm and her husband acted appropriately with respect to his business dealings, a process that will be greatly facilitated by the production of records responsive to this request.

8. On September 10, 2021, Plaintiff responded to a voice mail from the Department seeking to discuss the request.

9. On September 14, 2021, the Department asked Plaintiff to narrow Plaintiff's FOIA request in three ways: 1) Eliminate the term "Mulhern" as a single keyword to search; 2) Eliminate any emails that are "strictly personal" in nature; and 3) Provide a list of names of DOE employees whose emails Plaintiff would like searched or narrow the request to a specific office(s).

10. On September 16, 2021, Plaintiff responded to the Department's request by: 1) Declining to narrow the keyword "Mulhern" unless the Department could ensure that Daniel Mulhern's emails were not excluded; 2) Declining to exclude personal emails; and 3)

Agreeing to limit the search for responsive records to either a) all political appointees, or b) the following specific offices: General Counsel, Secretary's Office, Public Affairs Office, Congressional & Intergovernmental Office, Loan Programs Office, the Office of the Chief Financial Officer, Science Office, Arctic Energy Office, Fossil Energy and Carbon Management Office, Environment Management, AI and Technology, Indian Energy Policy and Programs, EERE, Electricity Office, and ARPA-E.

11. On October 20, 2021, the Department sent a chart to Plaintiff regarding several FOIA requests submitted by Plaintiff, which included an entry to the request attached as Exhibit A and identified it as tracking number "HQ-2021-00742-F."

12. On February 2, 2022, Plaintiff reached out to inquire about the status of request HQ-2021-00742-F.

13. Notwithstanding Plaintiff's demonstrated responsiveness and willingness to work with the Department to complete this request, to date, the Department has not begun producing responsive records, nor has it indicated a date when it will do so.

14. As of today, Plaintiff's request has been pending for more than 250 days – well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).  This period includes over 110 days between when the Department received Plaintiff's request and when it reached out to narrow the request, and more than 140 days since Plaintiff agreed to narrow its request.

15. During this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). To wit, the Department has not determined and communicated to PPT the scope of the documents it intends to produce and withhold,

along with the reasons for such withholding, nor has it informed PPT of its ability to appeal any adverse portion of its determination.

16. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

17. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

18. PPT properly requested records within the possession, custody, and control of the Department.

19. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

20. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

21. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

22. The Department's failure to provide all non-exempt responsive records violates FOIA.

23. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide

indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: February 9, 2022                    Respectfully submitted,

                                           PROTECT THE PUBLIC'S TRUST
                                           By Counsel:

                                           /s/ Gary Lawkowski
                                           Gary M. Lawkowski
                                           D.D.C. Bar ID: VA125
                                           DHILLON LAW GROUP, INC.
                                           2121 Eisenhower Avenue, Suite 402
                                           Alexandria, Virginia 22314
                                           Telephone: 703-965-0330
                                           Facsimile: 415-520-6593
                                           GLawkowski@Dhillonlaw.com

                                           *Counsel for the Plaintiff*